**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| L.O.D.C. GROUP, LTD, | |
| Plaintiff, | Case No.  4:23-cv-691 |
| vs. | |
| SYNERGY CHC CORP, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**NOTICE OF REMOVAL**

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Synergy CHC Corp. ("**Synergy**") removes this action from the 431st Judicial District Court of Denton County, Texas, to the United States District Court of the Eastern District of Texas, Sherman Division.

**I.
STATE COURT ACTION**

1.      On May 26, 2023, Plaintiff L.O.D.C. Group, Ltd. ("**Lily**") filed Plaintiff's Original Petition (the "**Petition**") in the 431st Judicial District Court of Denton County, Texas, in an action styled and numbered *L.O.D.C. Group, Ltd. v. Synergy CHC Corp*, Cause No. 23-4550-431 (the "**State Court Action**").

2.       In the State Court Action, Lily seeks relief related to a series of purchase orders for hand sanitizer and a product called "Focus Factor." Lily asserts causes of action for breach of contract and fraud and seeks the price of the Focus Factor, compensatory damages, exemplary damages, and attorneys' fees, among other relief.

3.      Synergy was served with a citation and a copy of the Petition on July 5, 2023.  This Notice of Removal is timely filed because it is filed within 30 days of service on Synergy.[1]

4.      Synergy removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

5.      This action is properly removed to this Court, as the lawsuit is pending within the district and division.[2]

6.      The United States District Court for the Eastern District of Texas, Sherman Division, has original jurisdiction over this action based on diversity jurisdiction because Synergy is now, and was at the time this action commenced, diverse in citizenship from Lily, and the amount in controversy exceeds the minimum jurisdictional amount.[3]

7.      Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Texas Local Rule 81(c), this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | List of Parties |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | Certified Copy of State Court Docket Sheet |
| **Exhibit D** | All Pleadings in State Court Action |
| **Exhibit D.1.** | Plaintiff's Original Petition |
| **Exhibit E** | Process and Orders Served on Synergy |
| **Exhibit F** | List of Attorneys |

[1] *See* 28 U.S.C. § 1446(b)(1), (b)(2)(B).

[2] *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(c)(3).

[3] *See* 28 U.S.C. § 1332(a).

| | |
|---|---|
| **Exhibit G** | Record of Parties Requesting Jury Trial |
| **Exhibit H** | Name and Address of State Court |
| **Exhibit I** | Filings With Texas Secretary of State |

8.      Simultaneously with the filing of this Notice of Removal, Synergy is filing a copy of the Notice of Removal in the 431st Judicial District Court of Denton County, Texas, pursuant to 28 U.S.C. § 1446(d).

### III.
### DIVERSITY JURISDICTION

9.      Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs, an action may be removed to federal court.[4] Complete diversity exists in this case because Lily is not a citizen of the same state as Synergy. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

**A.      There Is Complete Diversity Among The Parties.**

10.      Lily is a limited partnership, so its citizenship for diversity purposes is determined by the citizenship of its partners.[5] According to Lily's filings with the Texas Secretary of State, Lily has three partners: (a) general partner, L.O.D.C, Inc.; (b) limited partner, Patty W. Lovelace; and (c) limited partner, Dillon Lovelace.[6] As a corporation, the citizenship of Lily's general partner for diversity purposes is determined by its state of incorporation and principal place of business.[7] According to filings with the Texas Secretary of State, L.O.D.C., Inc., is incorporated in Texas

---

[4] *See* 28 U.S.C. §§ 1332(a); 1441(a).

[5] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[6] Ex. I at p. 1 (Public Information Report listing partners).

[7] *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

and has its principal place of business in Texas.[8] L.O.D.C., Inc., is therefore a citizen of Texas for diversity purposes. As natural persons, the citizenship of Lily's limited partners for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely.[9] Again, according to filings with the Texas Secretary of State, both limited partners reside in Texas.[10] Because each of Lily's partners is a citizen of Texas for diversity purposes, Lily is a citizen of Texas for diversity purposes.

11.     Synergy is a Nevada corporation, so its citizenship for diversity purposes is determined by its state of incorporation and its principal place of business.[11] Synergy is a Nevada corporation with its principal place of business in Maine.[12] Therefore, Synergy is a citizen of Nevada and Maine for diversity purposes.

12.     Accordingly, this lawsuit is between citizens of different states, and complete diversity exists among the parties.[13]

**B.     There Is Sufficient Amount In Controversy.**

13. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.[14] A defendant can meet this burden if it is apparent from the face of the petition that the claims are

---

[8] Ex. I at p. 3 (listing address in Denton, Texas as principal place of business and noting entity type as "Domestic For-Profit Corporation").

[9] *Margetis v. Ray*, No. 3:08-cv-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).

[10] Ex. I at p. 1 (listing an address in Denton, Texas for Patty Lovelace and an address in Argyle, Texas for Dillon Lovelace).

[11] *Hertz Corp. v. Friend*, 559 U.S. at 92-93.

[12] Pet., Ex. D.1. at ¶ 5.

[13] *See* 28 U.S.C. § 1332(c)(1).

[14] *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).

likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.[15]

14.    The Court may consider a plaintiff's claims, actual damages, exemplary damages, and attorney's fees in determining the amount in controversy.[16]

15.    Based on a review of the Petition, the amount in controversy exceeds $75,000, exclusive of interest and costs. First, Lily contends in the first paragraph of the Petition that it "seeks monetary relief over $1,000,000."[17] Lily contends that the price of the Focus Factor product alone was $400,000 and seeks to recover that amount pursuant to the Texas Business and Commerce Code.[18] Lily also seeks additional consequential damages, exemplary damages, and attorneys' fees.[19]

16.    Although Synergy denies that Lily is entitled to any damages or other relief, it is apparent from the face of the Petition that the combined elements of damages and attorneys' fees Lily seeks exceed $75,000, exclusive of interest and costs.

17.    Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

---

[15] *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

[16] *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering plaintiff's request for exemplary damages and potential recovery pursuant to Tex. Civ. Prac. & Rem. Code § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney's fees in calculating the amount in controversy).

[17] Pet., Ex. D.1. at ¶ 1.

[18] Pet., Ex. D.1. at ¶ 13.

[19] *Id.* at Prayer.

**IV.**
**CONCLUSION**

Synergy removes this action from the 431st Judicial District Court of Denton County, Texas, to the United States District Court for the Eastern District of Texas, Denton Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted this 28th day of July, 2023.

/s/ Matthew H. Davis
William A. Brewer, III
State Bar No. 02967035
wab@brewerattorneys.com
Matthew H. Davis
State Bar No. 24069580
mhd@brewerattorneys.com

**Brewer, Attorneys and Counselors**
1717 Main St. Suite 5900
Dallas, TX  75201
Phone: (214) 653-4000

Daniel S. Silverman
(*pro hac vice* forthcoming)
dsilverman@venable.com
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Phone: (310) 229-9900

**ATTORNEYS FOR DEFENDANT SYNERGY CHC CORP.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and was served upon all counsel of record through CM/ECF and/or email.

Baxter W. Banowsky
bwb@banowsky.com
BANOWSKY, P.C.
12801 N. Central Expressway
Suite 1700
Dallas, TX 75243

*/s/ Matthew H. Davis*
Matthew H. Davis